**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| RICHARD J. GIBSON, | : | Case No. 2:26-cv-375 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| DERRICK DEVORE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER and REPORT AND RECOMMENDATION[1]**

This 42 U.S.C. § 1983 case is before the Court on Plaintiff's motions for a temporary restraining order (TRO) (Doc. 4); for appointment of counsel (Doc. 5); for appointment of an expert (Doc. 5); and to waive the full filing fee (Doc. 6). This case is also before the Court on a preliminary matter relating to Plaintiff's Amended Complaint (Doc. 7). These matters will be addressed in the order in which they were filed:

**A.      Motion for a TRO**

Turning first to Plaintiff's motion for a TRO (Doc. 4), Plaintiff seeks an order requiring Defendants not to transfer him to another prison during the pendency of this case. Plaintiff claims that Defendants may transfer him in "possible retribution" for filing this lawsuit. *Id*. at 85. Plaintiff's motion (Doc. 4) should be denied for the reasons below.

"The standard for addressing a motion for a [TRO] is the same as the standard applied to a motion for a preliminary injunction." *Ferron v. Search Cactus, L.L.C.*, No. 2:06-CV-327, 2007

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

WL 2110497, at *1 (S.D. Ohio July 13, 2007) (citation omitted).  The Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)).  The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief.  *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).  "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue."  *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting."  *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)).  In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides."  *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).  A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled

to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not made such a showing.  There is "no constitutional right to remain in a particular institution, and prison officials are afforded broad discretion in transferring inmates." *Rouse v. Caruso*, No. 06-CV-10961, 2007 WL 909583, at *5 (E.D. Mich. Mar. 23, 2007). Additionally, Plaintiff provides no evidence that his risk of transfer is imminent.  "[I]t is not the purpose of a preliminary injunction to prevent . . . speculative behavior." *Id*. at *5.  *See also Ford v. Haas*, No. CV 16-11485, 2017 WL 6460299, at *2 (E.D. Mich. July 24, 2017), *report and recommendation adopted*, No. 16-CV-11485, 2017 WL 6450602 (E.D. Mich. Dec. 18, 2017) (explaining that "at best, [plaintiff's] motion is based on unsupported speculation that he will soon be transferring to [another prison]" and therefore could not show he was in imminent danger of irreparable injury).  Further, a plaintiff's transfer to another institution "is not the type of irreparable harm justifying the issuance of a preliminary injunction." *Rouse*, 2007 WL 909583, at *5 (citations omitted).  Rather, "[a]ny problems caused by the housing of [a plaintiff] at [a] different institution[] can be accomplished through the management of th[e] case[.]" *Id*.

Moreover, courts have recognized that prison officials "are in a far better position . . . to evaluate the needs of the prison system [at] large and, more specifically, the proper placement of [inmates] within that system." *Fisher v. Caruso*, No. 06-CV-11110, 2007 WL 551603, at *2–3 (E.D. Mich. Feb. 20, 2007).

Accordingly, Plaintiff's motion for a preliminary injunction enjoining his transfer to another facility should be **DENIED**.

### B.     Motion to Appoint Counsel

The Court turns next to Plaintiff's motion to appoint counsel.  (Doc. 5).  The law does not

require the appointment of counsel for indigent plaintiffs in civil cases, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs.  The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.  *Id.* at 605-06.  *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf.  The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation.  No such circumstances appear in this case.

> As our sister court in the Eastern District of Michigan has reiterated:

> "An 'exceptional circumstance' is something 'beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.'" (ECF No. 18, PageID.67) (quoting *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017)).  The difficulties of litigating a case due to incarceration alone do not warrant appointment.  *See, e.g., Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no exceptional circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation).

*Sanders v. Purdom*, No. 2:23-CV-11413, 2024 WL 4294635, at *1 (E.D. Mich. Sept. 25, 2024).

*See also Cortijo v. Andre*, No. 2:23-CV-0454, 2023 WL 6626506, at *7 (E.D. Cal. Oct. 11, 2023) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.").

Accordingly, Plaintiff's motion to appoint counsel (Doc. 5) is **DENIED** at this time. Plaintiff may refile his motion if this case proceeds to trial.

4

### C.    Motion to Appoint Expert

Plaintiff also seeks the appointment of an expert. (Doc. 5). The motion is premature. At this point none of Defendants have been served. And, for the reasons below, Plaintiff's recently filed Amended Complaint fails to provide a short and plain statement of his claims, as required by Rule 8 of the Federal Rules of Civil Procedure.

At some future time, the Court may enter a scheduling order addressing discovery issues, including experts. At that time, motions related to experts may become proper. But no such scheduling order has been entered to date. Plaintiff's motion for appointment of an expert is therefore **DENIED** as premature. *See, e.g. Goetz v. Thompson*, No. 3:15-CV-50, 2016 WL 347021, at *2 (E.D. Ky. Jan. 26, 2016).

### D.    Motion to Waive Full Filing Fee

Plaintiff has been granted leave to proceed *in forma pauperis* in this case. (Doc. 2). In the instant motion, Plaintiff requests the Court to resend him a copy of that Order. (Doc. 6, *PageID* 99). He also requests the Court to waive payment of the full filing fee. *Id*.

As for Plaintiff's request for the Court to resend the Order granting him *in forma pauperis* status (Doc. 2), the Court will **GRANT** the request on this occasion. The Court notes, however, that Plaintiff's constitutional right of access to the courts does not include unlimited free photocopying services. *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). Accordingly, the Court may deny any future request for copies. *See Kendrick v. Erdos*, No. 1:21-CV-266, 2021 WL 8015648, at *2 (S.D. Ohio June 10, 2021), *report and recommendation adopted*, 2022 WL 969553 (S.D. Ohio Mar. 31, 2022).

As for Plaintiff's request for a waiver of the full filing fee in this case, it is **DENIED**. The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(2), provides in pertinent part:

5

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The prison cashier has thus been ordered to collect and forward to the Clerk of Court, each month, 20% of Plaintiff's preceding monthly income until the District Court filing fee of $350.00 is paid in full. (*See* Doc. 2, at PageID 61).

The obligation to pay the full filing fee attaches when a prisoner files his complaint. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). The Sixth Circuit has made clear that when an inmate "seeks pauper status, the only issue is whether the inmate pays the entire fee at the *initiation of the proceeding, or over a period of time* under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs." *Id*. (emphasis added).

The PLRA, 28 U.S.C. § 1915(b), contains no language suggesting that courts have the authority or discretion to allow prisoners to deviate from the payment schedule explicitly set out in that statutory provision. *Stubbs v. Ohio Dep't of Rehab. & Corr.*, No. 1:17-cv-813, 2018 WL 3218703, at *1 (S.D. Ohio July 2, 2018) (citing *Ippolito v. Buss*, 293 F. Supp.2d 881, 883 (N.D. Ind. 2003) ("there is nothing [in § 1915(b)(2)] suggesting that the court may depart from the explicit language of the statute [or] that a prisoner may deviate from the payment schedule")). Therefore, the Court is without any legal authority to waive Plaintiff's filing fee in this case. Plaintiff's request for a waiver of the full filing fee in this case is therefore **DENIED**.

Plaintiff also appears to request that the Court grant him relief from filing fees that are being paid by him for a Montgomery County, Ohio, case. (*See* Doc. 6, at PageID 99, 112). But Plaintiff does not allege that any of the named Defendants are involved in the deduction of his account to pay those fees. Courts are generally without authority to enjoin officials who are not

parties to the action.  *King v. Tangilag*, No. 5:15-CV-185, 2017 WL 366355, at *2 (W.D. Ky. Jan. 20, 2017).  This request is **DENIED**.

### E.    Amended Complaint

Plaintiff has filed a Complaint and an Amended Complaint.  Plaintiff's Amended Complaint (Doc. 7) is now the operative complaint in this case because "[a]n amended complaint supersedes an earlier complaint for all purposes."  *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir. 2013) and citing *Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.,* 555 U.S. 438, 456 n. 4 (2009)); *see Parry v. Mohawk Motors of Mich., Inc*., 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading).  "The original complaint is thereafter 'null and void.'"  *O'Byrne v. Weyerhaeuser Co.*, No. 2:19-cv-2493, 2020 WL 1814129, at *1 (S.D. Ohio Apr. 9, 2020) (quoting *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) (in turn quoting *Vadas v. U.S.*, 527 F.3d 16, 22 n.4 (2d Cir. 2007)).

However, the Amended Complaint does not conform to Rule 8, which requires a complaint to contain a "short and plain statement of the claim."  Fed. R. Civ. P. 8(a).  Instead, Plaintiff's Amended Complaint is 38 pages long and contains 42 pages of exhibits.  (Doc. 7).

Although a complaint may be dismissed for failing to comply with Rule 8, *cf. Shabazz v. Xerox*, No. 1:14-cv-578, 2014 WL 4181600, at *1, *3 (S.D. Ohio Aug. 21, 2014) (and cases cited therein), the Undersigned will give Plaintiff an opportunity to file a Second Amended Complaint that conforms with Rule 8(a).  *See Forman v. Davis,* 371 U.S. 178, 182 (1962) (noting that leave to amend a complaint should be "freely given when justice so requires").  Therefore, if Plaintiff

7

wishes to proceed in this action, he is **ORDERED** to file a Second Amended Complaint, **which must not exceed 20 pages in length**, setting forth in clear, short and concise terms:

1. The facts in support of his claims, including:

   a. What happened to him to cause him harm;
   b. The names of the Defendants (who was involved and how these individuals caused him harm or injury);
   c. The date(s) of such actions; and
   d. Where the actions occurred, including the name(s) of the institution(s); and

2. The relief requested from the Court (what he wants the Court to do for him).

Plaintiff's Second Amended Complaint must be filed within **thirty (30) days** of the date of this Order.  As required by S.D. Ohio Local Rule 5.1, the second amended complaint should be legible and double-spaced.  Further, pursuant to Fed. R. Civ. P. 20(a)(2), the factual allegations and claims must arise out of the same transaction or occurrence.  If Plaintiff wishes to seek relief based on unrelated claims he must file separate complaints.

**Plaintiff is advised that his failure to comply with this Order may result in the dismissal of this action for want of prosecution**.  If Plaintiff requires additional time to comply with this Order, any motion for extension of time must be filed within **thirty (30) days** of the date of the Order.

The **CLERK OF COURT** is **DIRECTED** to send Plaintiff a form civil rights complaint for incarcerated persons.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for a TRO (Doc. 4) be **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for appointment of counsel (Doc. 5) is **DENIED**;

2. Plaintiff's motion for appointment of an expert (Doc. 5) is **DENIED**;

8

3.  Plaintiff's motion for a copy of the Court's Order granting his motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED,** and the **CLERK OF COURT** is **DIRECTED** to send Plaintiff a copy of Document 2;

4.  Plaintiff's motion to waive the full filing fee in this case (Doc. 6) is **DENIED**;

5.  Plaintiff **SHALL** file a Second Amended Complaint in accordance with the above standards within **THIRTY (30) DAYS** of the date of this Order if he wishes to proceed with this action.  The **CLERK OF COURT** is **DIRECTED** to send Plaintiff a form civil rights complaint for incarcerated persons for this purpose.  Plaintiff is advised that his failure to comply with this Order may result in the dismissal of this action for want of prosecution.

6.  Should Plaintiff need additional time to comply with this Order, he must file a motion for extension of time within **thirty (30) days** of the date of the Order; and

7.  Plaintiff must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

June 23, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

9

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).